PER CURIAM.
James Whitiker (Appellant) appeals the summary denial of his motion for postcon-viction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure, filed in connection with L.T. case nos. 98-9297 and 99-15244, in which he entered a negotiated nolo contendere plea. Appellant alleged that his defense counsel at the time of the plea advised him that, under the terms of the plea agreement, the sentences in these cases would run concurrent with the sentences he was already serving in several 1997 cases. When he returned to prison, however, he learned that the new sentences were being run consecutive to the prior ones, and he would not begin to serve them until the earlier sentences expired.
The trial court summarily denied the motion based on the state’s claim that the written plea agreement and the transcript of the plea colloquy conclusively refuted Appellant’s claim. On the contrary, neither the plea agreement nor the transcript addressed whether the new sentences would be concurrent or consecutive to the prior ones. Accordingly, we reverse the summary denial of Appellant’s motion and remand for either an evidentiary hearing or the trial court’s attachment of record *947 portions conclusively refuting Appellant’s claim.
FARMER, C.J., POLEN and HAZOURI, JJ., concur.